UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

STEPHEN J. PRONAI, Prosecuting
Attorney of Madison County, Ohio,

    Plaintiff,

vs.

    Civil Action 2:10-cv-00685
    Judge Algenon L. Marbley
    Magistrate Judge E. A. Preston Deavers

GREG A. BELL, *et al.*,

    Defendants.

## REPORT AND RECOMMENDATION

**I.**

Plaintiff, Stephen J. Pronai, Prosecuting Attorney of Madison County, Ohio, on behalf of the Madison County Board of County Commissioners and Madison County, originally filed this action against Defendants, Greg and Marcia Bell, in the Common Pleas Court of Madison County, Ohio, Civil Division. On July 30, 2010, Defendants filed Notice of Removal. (Doc. 2.) Because this Court lacks subject matter jurisdiction, the undersigned **RECOMMENDS** that the Court *SUA SPONTE* **REMAND** this action to the Common Pleas Court of Madison County, Ohio, Civil Division.

**II.**

Removal is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Claims with original jurisdiction in a district court have either federal question jurisdiction pursuant to 28 U.S.C. §

1331 or diversity jurisdiction pursuant to 28 U.S.C. § 1332. Federal question jurisdiction exists when the civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction exists when the parties are citizens of different States, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

"[A] federal Court always has jurisdiction to determine its own jurisdiction." *United State v. Ruiz*, 536 U.S. 622 (2002). The issue of "subject matter jurisdiction may be raised *sua sponte* at any juncture because a federal court lacks authority to hear a case without subject matter jurisdiction." *Thornton v. Southwest Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990) (citation omitted). Further, a district court has the power to dismiss or remand a case *sua sponte* for lack of subject matter jurisdiction." *Lexington-Fayett Urban Cty. Gov't Civil Service Commission v. Overstreet*, 115 Fed. Appx. 813, 816–17 (6th Cir. 2004) ("A federal court may remand a case *sua sponte* where the allegations of the complaint . . . are insufficient to confer subject matter jurisdiction on the court." (citation omitted)); *Probus v. Charter Communications, LLC*, 234 Fed.Appx. 404, 406 (6th Cir. 2007) ("Despite [the defendant's] failure to move to remand, the district court should have *sua sponte* addressed the issue of subject matter jurisdiction." (citing *Curry v. U.S. Bulk Transport, Inc.*, 462 F.3d 536, 539–41 (6th Cir. 2006)); Fed. R. Civ. P. 12(h)(3) ("If the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

### III.

In the instant case, upon review of Plaintiff's Complaint, the undersigned finds that remand is required. According to Defendants, the Court's jurisdiction arises because this Court has "original jurisdiction" over this action. (Notice of Removal ¶ 2.) Plaintiff's Complaint, however, does not contain a federal claim. Instead, Plaintiff asks the Court to declare

Defendants to be vexatious litigators under Ohio Revised Code § 2323.52 and to issue an order prohibiting Defendants from engaging in legal proceedings without first obtaining leave of court pursuant to Section 2323.52. The appropriateness of this relief is an issue of state, not federal, law. Thus, there is no federal question jurisdiction. 28 U.S.C. § 1331. Further, there is no diversity jurisdiction because Plaintiff and Defendants are both Ohio citizens. *See* 28 U.S.C. § 1332. Accordingly, the undersigned concludes that removal was improper.

## IV.

Because this Court lacks subject matter jurisdiction, the undersigned **RECOMMENDS** that the Court *SUA SPONTE* **REMAND** this action to the Common Pleas Court of Madison County, Ohio, Civil Division.

## V.

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that

3

defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


August 12, 2010                                             /s/ *Elizabeth A. Preston Deavers*
                                                            Elizabeth A. Preston Deavers
                                                            United States Magistrate Judge