UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

STEPHEN J. PRONAI, Prosecuting
Attorney of Madison County, Ohio,

    Plaintiff,

vs.

                              Civil Action 2:10-cv-00685
                              Judge Algenon L. Marbley
                              Magistrate Judge E. A. Preston Deavers

GREG A. BELL, *et al.*,

    Defendants.


## OPINION AND ORDER

### I.

Plaintiff, Stephen J. Pronai, Prosecuting Attorney of Madison County, Ohio, on behalf of the Madison County Board of County Commissioners and Madison County, originally filed this action against Defendants, Greg and Marcia Bell, in the Common Pleas Court of Madison County, Ohio, Civil Division.  On July 30, 2010, Defendants, who are proceeding without counsel, filed a Notice of Removal (Doc. 2).  This matter is before the Court for consideration of Defendants' August 26, 2010 Objections (Doc. 10) to the United States Magistrate Judge's August 12, 2010 Report and Recommendation (Doc. 8) recommending that the Court *sua sponte* remand this action to the Common Pleas Court of Madison County, Ohio, Civil Division.  For the reasons stated below, the Court **OVERRULES** Defendants' Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation.  Accordingly, the Court *SUA SPONTE* **REMANDS** this action to the Common Pleas Court of Madison County, Ohio, Civil Division.

## II.

If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In the instant case, the Court must determine whether *sua sponte* remand is proper. "[A] federal Court always has jurisdiction to determine its own jurisdiction." *United State v. Ruiz*, 536 U.S. 622 (2002). The issue of "subject matter jurisdiction may be raised *sua sponte* at any juncture because a federal court lacks authority to hear a case without subject matter jurisdiction." *Thornton v. Southwest Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990) (citation omitted). Further, a district court has the power to dismiss or remand a case *sua sponte* for lack of subject matter jurisdiction." *Lexington-Fayett Urban Cty. Gov't Civil Service Commission v. Overstreet*, 115 Fed. Appx. 813, 816–17 (6th Cir. 2004) ("A federal court may remand a case *sua sponte* where the allegations of the complaint . . . are insufficient to confer subject matter jurisdiction on the court." (citation omitted)); *Probus v. Charter Communications, LLC*, 234 Fed.Appx. 404, 406 (6th Cir. 2007) ("Despite [the defendant's] failure to move to remand, the district court should have *sua sponte* addressed the issue of subject matter jurisdiction." (citing *Curry v. U.S. Bulk Transport, Inc.*, 462 F.3d 536, 539–41 (6th Cir. 2006)); Fed. R. Civ. P. 12(h)(3) ("If the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

**III.**

The issue before the Court is whether or not remand to the Common Pleas Court of Madison County, Ohio, Civil Division, is appropriate. The Magistrate Judge concluded that Defendants were not entitled to removal based upon federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. The Court agrees with and adopts the Magistrate Judge's analysis and conclusion with regard to propriety of §§ 1331 and 1332 as a basis for removal of the instant action. Defendants, in their Objection, concede that their removal was not based on federal question or diversity jurisdiction. Instead, Defendants assert removal was proper under 28 U.S.C. § 1443(1).

Section 1443 provides in pertinent part as follows:

Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

28 U.S.C. § 1443(1). In *Georgia v. Rachel*, 384 U.S. 780, (1966), the United States Supreme Court established a two-prong test that a removal petition filed pursuant to § 1443(1) must satisfy. First, the petitioner must show that the right upon which the petitioner relies arises under a federal law providing for specific civil rights stated in terms of racial equality.[1] *Id*. at 788. Second, the petitioner must show that he has been denied or cannot enforce that right in the state courts. *Id*. The second prong is satisfied when a defendant's federal civil right would

---

[1] The Court explained that "[t]he legislative history . . . indicates that Congress intended to protect a limited category of rights, specifically defined in terms of racial equality." *Rachel*, 384 U.S. at 792.

" 'inevitably be denied by the very act' of being brought to trial in state court." *Davis v. Glanton*, 107 F.3d 1044, 1047 (3d Cir.1997) (quoting *Rachel*, 384 U.S. at 788).

The Court finds that Defendants do not satisfy the requirements for removal under Section 1443(1).  As to the first prong, the right allegedly denied Defendants is not a federal law or constitutional right.  Instead, Plaintiff seeks to bar Defendants from filing frivolous litigation in the state courts of Ohio.  The filing of frivolous litigation is not conduct protected by federal rights or laws.  Further, even if the Court assumes that the right allegedly being violated is a federal law, it is not a federal law aimed at racial equality.  *See Rachel*, 384 U.S. at 792 (concluding that "the defendants' broad contentions under the First Amendment and Due Process of the Fourteenth Amendment [could not] support a valid claim for removal under § 1443, because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands").  Defendants concede that the rights they allege were violated do not implicate racial equality, but "urge this Court to adopt a broader, inclusive position with regard to the interpretation and applicability of the 28 U.S.C. § 1443 removal request."  (Defs.' Objections 3.) This Court, like other courts, recently presented with this issue, declines to abrogate the first prong of the *Rachel* test.  *See e.g.*, *Green Tree Servicing, LLC v. Thomas*, 367 Fed.Appx. 727, 727–28 (8th Cir. 2010) (noting that removal under Section 1443(1) is only proper where the party demonstrates reliance upon a civil rights law stated in terms of racial equality); *Brown v. Moore*, 366 Fed.Appx. 327, 327 (3d. Cir. 2010) (same); *Kopec v. Jenkins*, 357 Fed.Appx. 213, 214 (11th Cir. 2009) (same).  Because Defendants cannot satisfy the first prong of the *Rachel* test, removal premised upon Section 1443(1) is not proper.  Thus, it is unnecessary for the Court to consider whether Defendants satisfy the second prong of the *Rachel* test.

**IV.**

For the foregoing reasons, the Court **OVERRULES** Defendants' Objections (Doc. 10) and **ADOPTS** the Magistrate Judge's Report and Recommendation (Doc. 8). Accordingly, the Court *SUA SPONTE* **REMANDS** this action to the Common Pleas Court of Madison County, Ohio, Civil Division.

**IT IS SO ORDERED.**

s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT COURT**

**DATED: November 17, 2010**